JjPER CURIAM.
In this appeal, Robert Martinez seeks review of the trial court’s judgment granting the Defendant’s exception of res judi-cata. The trial court found that the issues raised by the appellant’s petition, namely, the order of distribution of the appellant’s pension fund as a community asset and the partition of this asset pursuant to the formula pronounced in Sims vs. Sims, 358 So.2d 919 (La.1978), had been previously decided and affirmed on appeal; therefore, the issue was res judicata. We agree.
La. R.S. 13:4231 provides that:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
Ia(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
On appeal, the Appellant argues that the parties to this litigation are identical, and the issue is the same. Thus, appellant argues that art. R.S. 13:4232, which is the exception to R.S. 13:4231, should apply in this case because there is an exceptional circumstance which justifies departing from the provisions of R.S. 13:4231. He argues that the exceptional circumstance is that the law is wrong. We disagree.
In the initial appeal, this Court criticized application of the Sims formula, but stated that we are required to follow the Supreme Court precedent of Sims. Nevertheless, once the Supreme Court denied the appellant’s writ application, the issue raised herein became res judicata. Accordingly, neither the trial court nor this Court has been presented with a legal basis to revisit the initial judgement of the trial court.

DECREE

The judgement of the trial court is affirmed, granting the exception of res judi-cata. All costs of this appeal are assesses to the Appellant.

AFFIRMED.